LAND, J.
Plaintiff has instituted this suit under the Employers’ Liability Act of 1918 (Act No. 38 of 1918) to recover judgment against defendant company in the sum of 816 per week for a period of 300 weeks for temporary total disability. Plaintiff was employed by defendant company at its sawmill in the capacity of a blocksetter, on the carriage in said mill; his duties consisting of holding by means of a hock and lever the log on the carriage, while it was being sawed into lumber.
On March 27, 1920, while plaintiff was so employed, and while he was engaged in the performance of his regular duties, he was thrown violently from his position on the carriage rail, cutting his leg on the shin to the bone. Plaintiff alleges that, by reason of said injury, his leg became sore and inflamed, and that said injury has produced temporary total disability on his part to do work of any kind.
At the time of the accident, plaintiff. was receiving from defendant company a weekly wage of $30.
Defendant company admits in its answer that plaintiff received a slight injury to his leg by having the scab of a sore on his leg bruised, causing the sore to bleed, and alleges that, further than that, no injury occurred to plaintiff while performing duties under his contract of employment with defendant.
The main defense of defendant company is that, at the time of the injury, defendant had a chronic disease, which was active, and which had already manifested itself in syphilitic ulcers; that plaintiff had a virulent case of syphilis, with which he had been afflicted for approximately ei^ht years, and that the slight injury which- plaintiff received was entirely cured, and had disappeared at the end of six weeks, and that thereafter plaintiff was able to resume his work, but that, on account of the activity of the chronic disease and plaintiff’s failure to take proper treatment, the disease progressed rather than being retarded, but that the progress of the disease was separate and distinct from the slight injury received, which plaintiff overcame speedily.
Defendant company admits in its answer that plaintiff received six payments of $16 each, and alleges that this covered his period of disability resulting from the accident.
[1] Plaintiff, however, testifies that he received $16 per week for nine weeks and five days. These payments are in the nature of admissions that plaintiff is entitled to compensation under the Employers’ Liability Act, and it remains for us to determine the question whether the injury was the proximate cause of. plaintiff’s disability, and the extent of such disability.
[2] The testimony shows that the injury received by plaintiff was not, by any means, slight or trivial. On the contrary, it was a severe injury. When plaintiff’s leg struck the rail on the carriage' track, it was cut on the shin nearly to the bone, and, to use the words of plaintiff, “a big hole was dug out” of his leg about an inch deep. The plaintiff was knocked senseless by the fall, and *667 had to be lifted up, as be was unable to rise by his own efforts'.
It is not denied that plaintiff’s leg. has become bent and stiff, and that he is under a temporary total disability to do wort of any hind.
None of the physicians in this case, however, attribute the ankylose condition of the knee joint of plaintiff to syphilis. Their diagnosis is that the stiffness of the leg has been the result of atrophy from disuse, or cessation of function:
Plaintiff suffered from no such condition prior to his injury. /
Plaintiff admits that he contracted syphilis about 20 years ago, and was treated for the disease a short time. However, his uncontradicted testimony shows that, previous to this injury, he has never suffered any disability from this disease, or experienced any physical impairment of any sort.
Plaintiff’s general health has been good, and, for three years prior to this accident, he worked at the sawmill of defendant company as blocksetter without the loss of a single day, while the mill was running. Before this accident, he was a robust and efficient workman, and, since this injury, disability manifested itself for .the first time in a number of years. Evidently the injury, and not the chronic disease was the proximate cause of plaintiff’s disability in this case, and he is therefore entitled to recover. Behan v. Honor, 143 La. 348, 78 South. 589, L. R. A. 1918F, 862; Fox v. United Chem. Co., 147 La. 865, 86 South. 311.
It is true that plaintiff was hurt on Saturday, March 27, 1920; that he returned to work the following Tuesday, and worked regularly until May 21, 1920, when he was compelled to quit on account of the condition of his leg. It is also true that, shortly after the accident, several ulcers of the syphilitic ■ kind appeared around the wound on plaintiff’s shin.
However, the insurance company in which defendant company’s employees were protected against, casualty commenced to pay plaintiff a weekly compensation of $16, not from the date of the accident March 27, 1920, but from May 21, 1920, the date at which plaintiff was compelled to quit work, and these weekly installments were paid regularly for nine weeks and five days. These payments by the insurance company were made upon the recommendation of the medical examiner of said insurance company, who was also the physician employed by defendant company for the treatment of its employees. These payments were made during this period without protest, upon the recommendation of the physician of both of these companies, although he knew, as shown by his testimony, that syphilitic ulcers had formed around the wound on plaintiff’s leg.
The defense in this case, in the light of these facts, is evidently an afterthought, and is completely demolished in the face of the medical testimony to the effect that not the syphilis, but atrophy from disuse, had produced the stiffness of the plaintiff’s knee joint, or the temporary total disability.
It follows, therefore, that the chronic disease which plaintiff had is eliminated as a cause contributing proximately to his disability, and that the injury itself is the sole cause of plaintiff’s present condition.
The judgment of the lower court awarded plaintiff $16 per week for'300 weeks, payable according to the terms of the Employers’ Liability Act, less the compensation previously paid by the insurance company to plaintiff.
Por reasons assigned, the judgment appealed from is affirmed, at the cost of defendant company.