No. ——.

First Circuit

SAMUEL v. GULF LUMBER COMPANY

(December 22, 1925, Opinion and Decree)
(January 28, 1926, Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant —Par. 159, 159 (a).**

An employee injured while at work can recover sixty per cent of his wages if permanently totally disabled, compensation, however, to be paid during disability not beyond four hundred weeks under Section 8, Subsection 1 (b), of the Workmen's Compensation Act No. 20 of 1914, as amended by Act No. 43 of 1922.

(The recent amendment of Section 8 of Act No. 20 of 1914 is Act 216 of 1924, which grants sixty-five per cent of wages as compensation. Editor's note.)

Appeal from the Eleventh Judicial District Court, Parish of Vernon. Hon. Hal A. Burgess, Judge.

Suit by Fred Samuel against Gulf Lumber Company.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Fern M. Wood, of Leesville, attorney for plaintiff, appellant.

Thompson & Ferguson, of Leesville, attorneys for defendant, appellee.

ELLIOTT, J.    Plaintiff, Fred Samuel, alleges that while in the employ of the defendant, Gulf Lumber Company, and in the performance of his work, sawing down trees and cutting them into saw-logs on June 14, 1924, he was violently struck by a log in his back and severely injured, sustaining a partial paralysis of the back, permanent injury to his kidney and bladder, rendering him unable to do work of any reasonable character.    He claims 60 per cent of a daily wage of $5.00 for four hundred weeks.

The Gulf Lumber Company in its answer admits that plaintiff was employed and received injury while at work as alleged, but avers that he recovered therefrom. Defendant denies that plaintiff's present incapacity was caused by the injury received while engaged in its work, or is due thereto, and denies liability on said account.

The district judge rejected plaintiff's demand and he has appealed.    The evidence shows that plaintiff's condition is at present a total disability, and nothing appears from the evidence indicating whether plaintiff will improve or not; nor what the result will eventually be.

Plaintiff testified without contradiction of any kind that he had been engaged in the work of sawing logs for defendant continuously since 1918, about six years, until he was injured as above stated, and that he has never been able to do any work since.    He claims as a witness in his own behalf that his present ailment results from and grew out of the injury he received in his back, kidney and bladder while sawing for defendant.

The evidence shows that when plaintiff was injured defendant sent him to its hospital at Fullerton for treatment.    He remained there three or four months under the treatment of the physician in charge who was in the employ of defendant, and the physician there finally discharged him as well; but he was not well.    The evidence establishes his physically broken down condition at the time and its continuance ever since.

We know that sawing down trees and cutting them into saw logs is hard work. That such labor requires endurance, manual strength and is trying on the small of the back.    A man cannot do such work regularly for six years unless he is in strong robust health.

The evidence in the case does not indicate that plaintiff ever failed in his work or showed evidence of any weakness or disease until he received the injury of which he complains.

According to plaintiff's testimony, and there is nothing to the contrary, his present trouble commenced gradually following his injury, and has continued to grow worse ever since.

Plaintiff admits that he had gonorrhea nine or ten years ago, having reference to the time of the trial; but, so far as he knew, contends that he got well of it. Our conclusion is that plaintiff got well of it and was entirely well at the time he was engaged in sawing, because if he had not, and the disease tended to develop into the trouble which he now has, it would have done so before he was injured. It would have developed under the exertion in which he was engaged every day, sawing down and cutting trees into logs.    It would not have remained dormant under such exertion, only to mani-

fest itself as soon as he was at ease and rest, as it were, in the hospital. The facts satisfy us that plaintiff was a sound, healthy man and not subject to any dormant disease of which his present condition is the outcome; but that his present condition is the direct outgrowth and result of the injury he received while at work for defendant as alleged in his petition.

A number of physicians were sworn as witnesses in the case and expressed the opinion that plaintiff's present condition was not the result of his injury; while one who had been engaged in treating plaintiff for his ailment, since he left the hospital, expressed the opinion that plaintiff's condition was the result of his injury received as alleged in his petition, and gives reasons which do not depend on conjecture; but on what appears to be very natural conclusions. The cases cited in plaintiff's brief, Behan vs. John B. Honor Co., 143 La. 348, 78 South. 589; Fox vs. United Chemical & Organic Products Co., 147 La. 865, 86 South. 311, and Johnson vs. Vernon Parish Lumber Co., 151 La. 664, 92 South. 219, are in line with the facts in the present case.

The plaintiff is entitled to compensation. We find from the evidence that plaintiff earned $4.50 a day and that 60 per cent of his weekly wages will fairly amount to $15.00 per week and will fix his compensation accordingly. Payments to commence from June 14, 1924, and continue for four hundred weeks, subject to credits for the payments already made.

The judgment appealed from is annulled, avoided and set aside and the plaintiff, Fred Samuel, is now given judgment on account of his injuries, against defendant, Gulf Lumber Company, for weekly compensation at the rate of $15.00 per week, commencing from June 14, 1924, and continuing for four hundred weeks, with 5 per cent per annum interest on deferred payments until paid; of which time all weekly dues up to December 14, 1924, are to be regarded as paid.

That defendant and appellee pay the cost in both courts.