## No. 2986

### Second Circuit

### NORRIS v. LOUISIANA CENTRAL LUMBER CO.

(Dec. 21, 1927.    Opinion and Decree.)
(Feb. 3, 1928.    Rehearing Refused.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Master and Servant —Par. 160 b, 160 j.**

Although the defendant, after having paid compensation under the Workmen's Compensation Act No. 20 of 1914, is held to have admitted injured employee entitled to compensation, nevertheless, injured employee must prove continuation of disability, even though partial, beyond the period during which compensation was paid, there being no presumption of disability under the law.

2. **Louisiana Digest—Master and Servant —Par. 160 l.**

The finding of fact by the trial court that injured employee suffered disability after payments of compensation ceased, being, in view of testimony of physicians, clearly erroneous, is reversed.

Appeal from the Eighth Judicial District Court of Louisiana, Parish of Caldwell. Hon. F. E. Jones, Judge.

Action by William D. Norris against Louisiana Central Lumber Company.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Huey P. Long; George T. McSween, of Shreveport, attorneys for plaintiff, appellee.

Thornton, Gist & Richey, of Alexandria, attorneys for defendant, appellant.

WEBB, J. In this action for compensation under Act No. 20 of 1914 as amended, the plaintiff, W. D. Norris, alleged that he had been in the employ of defendant Louisiana Central Lumber Company, a corporation operating a saw-mill, receiving a weekly wage of approximately thirty-one and 50/100 dollars, and that on or about the 28th day of February, 1925 while cutting timber for the defendant he received a severe strain to his left abdominal wall, causing a rupture and hernia which permanently totally disabled him from doing any work of a reasonable character.

That prior to the accident plaintiff had sustained and was suffering from a hernia on his right side, and that the second hernia had totally disabled him.

And he further alleged that about two years prior to the accident he had received severe injuries to his right foot which had caused him some inconvenience in executing heavy tasks of labor, and that on the date of the accident causing the hernia, February 28th, 1925, his foot and ankle had been sprained and the injuries formerly sustained greatly aggravated.

That on or about the 30th day of April, 1925, he had been operated on for the hernia resulting from the accident on February 28th, 1925, but that the operation was not a success and that he still suffers from the hernia received on that date.

That the defendant had knowledge of the injury sustained by him and of the extent of same and paid him compensation up to November 1st, 1925, but had refused to pay him compensation since that date, and he prayed for judgment against defendant for compensation at the rate of twenty dollars per week for the period of his disability not to exceed four hundred weeks, the first payment to be due on March 7th, 1925, with legal interest on the payments from due date until paid, and he further prayed for judgment for two hundred and fifty dollars necessary medical expenses.

The defendant answered admitting that the plaintiff had been in its employ and that he claimed to have sustained a strain which caused a hernia on or about the latter part of February, 1925, but alleged that he had not complained of any other injury or aggravation of previous injuries and that it did not have any notice of other injuries.

That defendant had been operated upon for the hernia claimed to have resulted from an accident in February, 1925, and the operation was a success and plaintiff was entirely cured, and defendant alleged that plaintiff's wages had been four dollars per day or twenty-four dollars per week and that he had been paid compensation up to November 1st, 1925, although plaintiff's disability had ceased prior to that date.

On trial plaintiff supported his allegations by his testimony, but he was unable

to fix with any degree of certainty the amount of wages he had received, and in an indefinite manner he stated that his foot and ankle had been sprained some two years before the strain resulting in the hernia had been sustained and that at about the time the strain was received his ankle had been injured, although he states that at the time of the alleged injury to his ankle he did not notice it, and plaintiff attributed his disability to the hernia or pain which he claimed to suffer in the region of the operation and to the injury to his ankle and to his having gained in weight, his testimony being in part as follows:

"Q. What was your condition after you came out of the hospital?
"A. I came out very stout at that time; I wasn't able to stay on my feet, and I came home and stayed off of my feet some time * * *
"Q. You say you are very stout, what do you mean?
"A. I am heavy on my feet; lots of flesh.

* * *

"Q. What has been your feeling—explain to the court your real condition today?
"A. Well, since the operation I have gained so much flesh, about fifty pounds I have gained, more or less, and there is a disagreeable feeling and a pain in this side, and I just want to sleep all the time. I have a kind of nauseated feeling, Judge, more than I have ever had it before."

He admitted that all of the expenses of the operation for the hernia had been borne by the defendant, and did not claim that he had paid any medical or hospital fees, or that he desired to have further treatment.

The evidence offered on behalf of defendant tended to show that the plaintiff had not sustained a strain on February 28th, 1925, but that the hernia for which he had been operated upon in April, 1925, had developed about a year prior to that date,

and that at the time of the operation plaintiff had not complained of sustaining any injury to his foot or ankle either before or at the time he claimed to have received a strain resulting in the hernia, and all of the physicians who testified, of whom there were three, two of whom had operated upon the plaintiff for the hernia in April and had examined him several times since and prior to November 1st, 1925, stated that the operation was successful in that the wound had healed and that the walls of the abdomen were stronger than before the hernia had occurred; their opinion being that the walls of the plaintiff's abdomen were congenitally weak and the hernias which developed were in a manner due to such condition but that the operation had cured the defect, and they could not find any indication of a condition which should cause the plaintiff to suffer any inconvenience or pain from the hernia or operation, and that they were of the opinion if plaintiff was unable to perform the work which he was doing at the time of the accident subsequent to the healing of the wound incident to the operation, it was due to the fact that he had not exercised his muscles and had become fat and his muscles flaccid.

The evidence offered by defendant also showed that plaintiff had not earned for the last three months while engaged in defendant's employ weekly wages in excess of twenty-four dollars per week, and that he had received full compensation as for total disability to November 1st, 1925, and that the wound from the operation had healed at least two months prior to that date.

The trial was had on December 15th, 1926, and the court held that the plaintiff had recovered from any disability resulting from the accident prior to that date, but in view of the fact that plaintiff had been

paid full compensation as for total disability up to November 1st, 1925, he could not have fully recovered on the latter date, or was unable to perform reasonable manual labor at that date due to the fact that his muscles were soft, plaintiff not having worked from the time he was operated upon to that date, and estimating that plaintiff's muscles would be sufficiently developed or strengthened by exertion, in twenty-two weeks, and that he could earn during such time two dollars a day, he was entitled to receive compensation for partial disability for a period of twenty-two weeks at the rate of seven and 80/100 dollars per week from November 1st, 1925, and rendered judgment accordingly.

While defendant, having paid compensation, is held to have admitted that the plaintiff was entitled to compensation under the statute (Johnson vs. Vernon Parish Lumber Co., 151 La. 63, 92 South. 219) in default of proof to the contrary, we do not think the payment of compensation as for total disability could be held to show that disability, even partial, continued beyond the period during which compensation was paid, but that the question is dependent upon proof of the continuation of disability as the result of the accident for which compensation was paid.

While the evidence shows that one of plaintiff's ankles was somewhat enlarged, yet his testimony as to the cause of such enlargement and its connection with his asserted disability is so vague and considering the fact that he did not complain of any such injury to the defendant, and that the evidence shows that subsequent to the time he states the injury to his ankle or resprain occurred, he worked for more than a week at his occupation of sawing and felling timber, earning more than he had earned in the same time during the preceding three months, we do not think the payment of compensation should be held to have been an admission that the plaintiff was entitled to compensation for such asserted injury or that the enlargement of plaintiff's ankle is proven to have been caused by an injury sustained in the course of his employment or should be considered in determining whether or not the disability resulting from the hernia or operation continued after the date the defendant ceased to pay compensation.

The only evidence which indicates that the hernia or operation after the wound had healed continued to cause any disability, was the plaintiff's statement that he experienced continuous pain in the region of the wound which was more severe when he coughed or jumped, but the physicians who were called as witnesses state that the wound from the operation had entirely healed and that the walls of the abdomen were stronger than before the operation and that they did not and could not find any symptom or cause for the pain of which the plaintiff complained.

The trial court did not accept the plaintiff's statement, and considering the vagueness and contradictions in plaintiff's testimony, with the testimony of the physicians, although their testimony might be in some respects negative (see King vs. Rapides Packing Co., 5 La. App. 824; Reynolds vs. Hotel Youree Co., 6 La. App. 790), we are of the opinion that the court did not err in refusing to accept plaintiff's statement and in finding he did not suffer with any disability at the date of the trial as the result of the hernia or operation.

However, the statement of the plaintiff related not only to the time of the trial but also to the period after November 1st, 1925, and although compensation was paid until November 1st, 1925, we do not, as

previously stated, think that such fact created a presumption that the plaintiff was disabled after that date nor that it could be said to corroborate plaintiff's evidence that he suffered from the operation after that date.

While it may be true that plaintiff was, on November 1st, 1925, unable to do the laborious work which he had done before the development of the hernia, however, the wound from the operation is shown to have completely healed about June 1st, 1925, and the walls of plaintiff's abdomen after that date to have been stronger than before the hernia developed, and his disability, if any, must have been due to the fact that his muscles were flaccid, which we do not think can be properly classed as a disability, or, if it could, the wound having healed in June, compensation was paid for a sufficient length of time for plaintiff to have developed or strengthened his muscles.

The judgment appealed from is therefore avoided, and reversed, and it is now ordered that plaintiff's demands be rejected at his cost.