No. 3197

Second Circuit

### HENDERSON v. THE LOUISIANA POWER CO.

(June 28, 1928. Opinion and Decree.)
(November 8, 1928. Rehearing Refused.)
(November 26, 1928. Judgment affirmed by Supreme Court.)

George Wesley Smith, of Rayville, attorney for plaintiffs, appellants.

Theus, Grisham and Davis, of Monroe, attorneys for defendant, appellee.

WEBB, J. Samuel Henderson, while employed by the Louisiana Power Company, sustained an injury on Friday morning, May 29, 1925, in an accident arising in

the course and out of his employment, and after the wound had been treated he went to his home, and in the afternoon, about eight hours after the injury, he developed fever, which continued until his death, on Wednesday, June 3, 1925.

The parents of deceased instituted this action to recover compensation for the death of their son, under the Employers' Liability Law (Act No. 20 of 1914), it being alleged that his death resulted from the injury, and were met by the defense that their son had died with a disease, pneumonia, and that the injury had not caused or contributed to his death; and plaintiffs appeal from a judgment rejecting their demands.

The evidence established that while decedent was engaged in clearing a right of way, a tree fell upon the handle of an axe (which weighed about four pounds) which was lying on the ground, causing the axe to be thrown upward, the blade striking decedent on the forehead, above the right eye, penetrating the skin and almost through the outer table of the skull; that decedent was shocked, and staggered from the blow, but was caught by one of his fellow workmen, and after the blood from the wound had been suppressed he was placed in an automobile, where he rode on the front seat with the driver, and was carried to a physician by whom the wound was treated, and from thence he was carried to his home, where he was confined until his death, as above stated.

The evidence shows that decedent was a strong, vigorous young man, and had been going about the laborious work in which he was engaged without any complaint, and, as stated, he was disabled by the blow received and had to quit work and go to his home, and in a short time, a few hours thereafter, he became seriously ill, which continued until his death.

The parties concede that deceased had pneumonia at the time of his death and that the disease, pneumonia, had progressed to such stage as to cause death, although the physicians called by plaintiffs were of the opinion there were other complications, as that the blow had caused an injury from which inflammation had set in, or that the wound had become infected and caused inflammation or traumatic meningitis; but the evidence shows that the wound was not infected, and the majority of the experts called were of the opinion that the blow had not caused inflammation to set in or traumatic meningitis. One of them, Dr. Gessner, being advised of the character of the wound and requested to give his opinion as to whether or not it could have caused inflammation to set in, said:

"It would not. The danger in such an injury—I mean an injury of that sort from an axe—would be the danger of going entirely through the cranium bone and causing meningitis. As the axe did not go through into the cranial cavity, this danger was not present."

And in so far as the expert testimony went we think it established that pneumonia had caused death, and there were not any other complications; however, all of the physicians agreed the fever which developed in the afternoon following the injury, was the result of the blow, and the evidence establishes that the illness continued until death, and considering this fact with the facts first above stated, the presumption is that the injury caused the illness or aroused the disease resulting in death, and defendant is liable. (Behan vs. John B. Honor Co., 143 La. 348, 78 So. 589, L. R. A. 1918F, 862; Fox vs. Chemical Co., 147 La. 865, 86 So. 311; Johnson vs.

Vernon Parish Lumber Co., 151 La. 664, 92 So. 219; Donahoe vs. Scharfenstein, 154 La. 815, 98 So. 256).

Had deceased recovered, it would hardly have been contended that defendant was not liable for the disability, although it may have been prolonged by the disease, pneumonia, as the compensation cases, where the injury results in disability which is continuous, the law does not attempt to distinguish between that caused by the injury and that which may be more particularly attributed to disease (Caldwell vs. City of Shreveport, 150 La. 465, 90 So. 763), and while there may be some distinction drawn between cases where the claim is for disability and where the claim is for death as the result of the injury, we are of the opinion that the evidence establishes that the disease which was developed during the period of disability and illness therefrom could not have been aroused or contributed to by the injury or illness naturally resulting therefrom, and that the evidence in the present case does not establish such facts.

The decedent was receiving a wage of two and 50-100 dollars per day, or fifteen dollars per week, and plaintiffs are entitled under the statute to receive sixty-five per cent of that amount for a period not to exceed three hundred weeks, and it is therefore ordered that the judgment appealed from be reversed and avoided and that plaintiffs, Ollie Henderson and Nancy Henderson have and recover judgment against defendant Louisiana Power Company for compensation at the rate of nine and 75-100 dollars per week for a period of not exceeding three hundred weeks, payments beginning on the 10th day of November, 1925, and weekly thereafter, each payment bearing legal interest from the date of maturity, and all costs of suit.