FRANCIS v. SWIFT & COMPANY

———

(March 10, 1930. Opinion and Decree.)

———

Feitel & Feitel and N. H. Polmer, of New Orleans, attorneys for plaintiff, appellant.

Chas. F. Fletchinger, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. The plaintiff, a negro laborer, brings this suit under the Compensation Law (Act No. 20 of 1914, as amended), alleging that on February 25, 1928, he was engaged in sweeping oil from the bottom of an oil tank car of the defendant company; that due to the slippery condition of the bottom of the tank car, he fell and in some manner engaged his right leg in a series of coils into which live steam had been pumped; that before he could extricate his leg it was severely burned; that the defendant company paid him $8.13 per week from the date of the accident until July 14, 1928, when further compensation was refused him; and that as a result of the burns which he received on his right ankle an injury has been caused to his nerve and muscle structure causing him to be totally disabled from doing work of any reasonable character. He prays for judgment in the sum of $8.13 per week for 400 weeks subject to a credit of 18 weeks paid him by defendant.

Defendant answered admitting that plaintiff was burned on his right ankle as set forth in his petition, but avers that acting upon the advice given it by medical experts whom it employed, to the effect that plaintiff had entirely recovered from his injury, it declined to pay further compensation.

There was judgment for defendant dismissing plaintiff's suit, and plaintiff has appealed.

We find it difficult from the record to determine just what ailment plaintiff claims to have been afflicted with. It is sometimes referred to as neuritis, sometimes as sciatica, and again as sciatic rheumatism, and at least on one occasion as a deferred sciatica pain. Perhaps all of these descriptive terms refer to the same thing, and perhaps they do not, but in any event it is fairly definite that the location of plaintiff's malady is in his hip, and he contends that it results in a severe pain in his leg which interferes with his ability to walk.

Not one of the four or five medical experts, whose testimony appears in the record, appears very certain as to the reality of the pain of which the plaintiff complains; but, assuming his condition to be as serious as he contends, the evidence is overwhelmingly to the effect that sciatica, neuritis, etc., could not have been caused as a result of the burn on his right ankle. In the first place, an injury to the nerve in the region of the ankle cannot affect the sciatic nerve in the hip, since the doctors explain that nervous degeneration takes place from the nerve center and not to it; the anatomical construction of the nerves being such that impulses go from above downward. Nor is there any support in the record for the theory advanced by plaintiff's counsel to the effect that the injury to plaintiff's ankle served to awaken into activity a dormant disease which manifested itself in this case in the form of sciatica, as was the case considered in Behan vs. John B. Honor Co., Ltd., 143 La. 348, 78 So. 589, where the court said:

"The proof goes no further, in support of the defense of this suit, than to show that the plaintiff might, and perhaps would, at some time, have become disabled by the disease that was lurking in his system, even if the accident complained of had not happened. And that is not much more of a defense than to say that every man must some day come to the end of his worldly career, accident or no accident."

See also Henderson vs. La. Power Co., 9

La. App. 475, 121 So. 217; Wilkinson vs. Dubach Mill Company, 2 La. App. 249.

In the case at bar, by the clear weight of the medical testimony, the burn to the plaintiff's ankle could not create sciatica nor aggravate any pre-existing malady which may be said to have been lurking in his system so as to produce the effect complained of by plaintiff.

We are asked to disregard the medical testimony in the record, though it is admittedly given by men of the highest standing in their profession, and to consider only the fact that prior to the injury plaintiff had no sciatica and subsequently thereto he developed this trouble without any apparent reason. We are referred to the case of Hammons vs. Southern Carbon Co., 5 La. App. 189, in this connection. In that case we said:

"We find that the evidence thus establishes that the plaintiff was able to perform manual labor prior to and on the date of the accident and that following the accident he was unable to do manual labor, and that this condition of disability continued to the time of the trial, and we conclude these circumstances make out a prima facie right to recover."

But a prima facie case must yield to proof of the contrary, and in the case at bar it has been demonstrated to our entire satisfaction that whatever malady affects the plaintiff, whether permanent or otherwise, it has nothing to do with the original accident, the burn to plaintiff's ankle, and there can be no liability on defendant's part except for the consequences of the injury received in the course of plaintiff's employment. In cases of this kind we must to a great extent rely upon the testimony of medical experts.

For the reasons assigned, the judgment appealed from is affirmed.