DASTE v. GWIN

(April 21, 1930. Opinion and Decree.)

P. L. Fourchy, of New Orleans, attorney for plaintiff, appellant.

Frank T. Doyle and Harry M. Mayo, Jr., of New Orleans, attorneys for defendant, appellee.

JANVIER, J. This is a suit for workmen's compensation. Daste alleges that he was a bricklayer earning $66 per week while working for defendant Gwin in the construction of the June Hotel Annex; that on May 19, 1928, he received injuries as the result of being struck by a heavy plank which fell from one of the upper floors; that he was knocked unconscious, his left shoulder was bruised, and that the humerus, which we understand is the large bone in the upper part of the left arm, was broken; that he is entitled to compensation at the rate of $20 per week for 300 weeks and that he has been paid $240, but that defendant refuses to make further weekly payments.

The answer admits all of the material allegations, except that it denies that the injuries received by plaintiff are permanent, and the averment is made that the plaintiff has entirely recovered, that, after a prolonged disuse, there is always pain for

a short time due entirely to nonuse of the injured member, and that such partial disability as plaintiff is now laboring under results solely from his refusal to go back to work.

The evidence consists almost entirely of testimony of physicians and surgeons, and, as we have several times said, in such situations we must be governed largely by the medical experts. Adam Joseph vs. Higgins Lumber Co., 12 La. App. 600, 126 vs. Phoenix Utility Co., 124 So. 623; George Francis vs. Swift & Co., 12 La. App. 609, 126 So. 699.

When we come to consider this testimony of the doctors, we find that even plaintiff's physicians are apparently of the impression that his present condition is largely the result of his refusal to use the injured member.

Dr. Murphy, a witness for plaintiff, states, in answer to the question as to whether the injuries were permanent or merely temporary, "I think that they are temporary. I don't believe they are permanent," and, when asked, "To what do you attribute the condition of his shoulder?" said, "More from disuse than anything else." When questioned as to whether the break in the arm had knit properly, Dr. Murphy said, "The union is perfect. There is complete union." In the beginning of his testimony he had said, "I think that in a case of this sort after there is full union to a site of fracture ordinarily those cases ought to be normal in all respects in about two or three months." Again he was asked, "Had this man used his arm should that arm condition that he complains of be normal?" and his answer was, "I believe so."

It is manifest that Dr. Murphy's opinion is that, if Daste would use his arm first for light work, and then gradually for heavier work, within a very short time he would be in the same normal, sound condition in which he was prior to the accident.

The testimony of Dr. Donasier, another physician who testified for plaintiff, is strikingly similar. In answer to the question as to how long an injury such as Daste sustained would ordinarily disable a man, he said, "Well, between two and three months as a rule." He was asked if Daste tried to assist him in effecting a cure, and he said, "Well, he seemed to fear pain and there seemed to be some voluntary resistance to movement." In other words, Dr. Donasier's testimony in this regard coincides entirely with the testimony of defendant's medical experts, which is to the effect that the real trouble with Daste was that he refused to co-operate, and that he voluntarily and deliberately resisted their efforts to effect a complete cure.

Dr. Donasier was asked if he could see any reason why Daste could not use his arm, and he said, "We could not find sufficient pathology," which, in language which the layman will understand, means that, except from the fact that Daste said his arm hurt him, there were no symptoms visible to the physicians which would indicate that there was anything the matter with the arm.

The other two doctors, Dr. Compagna, who testified as a witness for defendant, and Dr. Hatch, who was appointed by the court as an expert to examine Daste, are very positive in their statements that he had been completely cured, and that, if he had undertaken light work for a few months, such pains as he suffered as a result of disuse would have entirely disappeared.

The evidence convinces us that efforts were made to have Daste return to work, and that his former employer was willing to put him at light work such as would be consistent with his condition, and as would soon have strengthened the arm and shoulder, but that he either refused or neglected to report.

We are well convinced from all the testimony that plaintiff has entirely recovered from his injuries, and should have returned to work long ago, and that he has been fully compensated for the entire term of real disability.

The judgment appealed from is therefore affirmed.