## LINN v. TERRELL COMPRESS & WAREHOUSE CO., Inc.

### No. 14011.

Court of Appeal of Louisiana. · Orleans.

May 16, 1932.

J. G. Dempsey, Jr., of New Orleans, for appellant.

Henry & Cooper and Jno. A. Smith, Jr., all of New Orleans, for appellee.

WESTERFIELD, J.

This is a suit by the widow of a deceased · employee for compensation at the rate of $20 a week for 300 weeks and for funeral expenses in the sum of $150. The defendant denied liability upon the ground that plain-

194

tiff's deceased husband's death was in no way connected with his employment. There was judgment below in defendant's favor, and plaintiff has appealed.

The circumstances surrounding the death of John Linn, plaintiff's husband, are as follows: On the 12th day of November, 1930, while working as a middleman in the press gang crew of the Terrell Compress & Warehouse Company, Inc., he collapsed and fell to the floor, and shortly thereafter died. Linn had worked practically all of his life in and about the Terrell compress, and, at the time of his death, was employed in connection with the operation of the high density press, compressing cotton. He went to work the morning of his death at about 7 o'clock and died at about noon, when his crew had succeeded in pressing about 340 bales of cotton. The crew was paid by the bale, and there is some evidence in the record to the effect that during the last hour of his life the crew he was connected with had resolved to turn out 100 bales of cotton.

It is the contention of plaintiff that Linn's death was due to overexertion, causing an acute dilatation of the heart and an aggravation of the condition of chronic myocarditis, with which a post mortem examination disclosed Linn to be afflicted. In support of the position of plaintiff, Dr. George Roeling, the coroner for the parish of Orleans, testified that Linn's death was due to chronic myocarditis and acute dilatation. Dr. George Dempsey, who had been the physician of Mr. Linn for a number of years, testified that acute dilatation is due to shock and unusual exertion, because "a man could have chronic myocarditis and live for years if he did not overexert himself." The plaintiff, the wife of deceased, testified that Linn had been an unusually healthy man, and that she knew nothing, and was satisfied that Linn knew nothing, of the heart trouble which the coroner found to have existed in a chronic state.

Dr. Duval, a noted pathologist connected with Tulane University in this city for a number of years, testified, as an expert in behalf of defendant, that in his opinion Linn died from infarction of the heart, the result of coronary disease, "and the reason I say this, it is the only form of heart disease that causes sudden death. It is very often referred to as angina pectoris, and that is because angina pectoris is such a disease of the coronary arteries of the heart." Dr. Duval's testimony was given after he had heard the testimony of the coroner who had performed the autopsy, and was largely based upon the statement of Dr. Roeling to the effect that the coronaries were tortious and sclerotic. The doctor also expressed the opinion that, in cases of coronary sclerosis, excessive heat or excessive exertion "never hastens or has anything whatever to do with the precipitation of death in such instances," explaining

that death under such conditions is caused by "pieces of the diseased coronaries breaking off and being forced further into the coronary vessels, where these pieces will occlude or completely block or prevent blood from going to the heart muscles supplied, and that always causes sudden death where enough of the heart muscle has been robbed of its blood supply. It is what we call coronary thrombosis or coronary occlusion."

■ It thus appears that the testimony of Dr. Duval is not inconsistent with the findings of the coroner who performed the autopsy on Mr. Linn, and, in the respect that his findings and conclusions may differ from those of Dr. Dempsey, we believe they should prevail, because, from the record before us, Dr. Duval appears to have had great experience, having performed some ten thousand autopsies, and he is a specialist in pathology, whereas Dr. Dempsey is, we understand, a general practitioner.

In the case of Jakub v. Industrial Commission et al., 288 Ill. 87, 123 N. E. 263, it was held that an employee engaged in baling scrap copper, who was found dead near a baling press with a completed bale of copper beside him, could not recover on the ground that the heavy work which the deceased was doing hastened his death by heart and kidney disease, there being no evidence of accidental injury.

In Collins v. Brooklyn Union Gas Co., 171 App. Div. 381, 156 N. Y. S. 957, 958, the Supreme Court denied recovery to the dependents of a deceased workman, who, while acting as foreman in the employ of the street department of the Brooklyn Union Gas Company, suddenly fell to the pavement and died seventeen days thereafter. The autopsy in that case revealed the fact that, in falling, the plaintiff had sustained a fracture of the skull, but at the same time disclosed that the fall had in all probability been caused by an attack of cardiac syncope "to which the previous condition of the heart predisposed."

■■ In the case at bar, the body of the deceased contained a contusion over the outer angle of the left eye, which had evidently been caused by the fall, but the fall itself was caused by the pre-existing condition of coronary thrombosis. The fact that Linn and the crew with which he was working had determined to press 100 bales within an hour does not, under the evidence before us, indicate much unusual exertion, since the foreman in charge testified that 85 bales per hour is not uncommon, and, even if it did, the part assigned to Linn is shown to have been the easiest of all those engaged with the crew. Moreover, with coronary thrombosis, it is at least doubtful, under the medical testimony, whether extraordinary exertion would have precipitated death. At any rate, under the most favorable view which we could entertain

of plaintiff's case, it cannot be said that it is proven with legal certainty. The best that can be said is that a situation has been presented which would admit of the possible hypothesis of accidental injury, though that conclusion is not even probable, much less legally certain, and in workmen's compensation cases, as in all other cases, plaintiff assumes the obligation of establishing his case with legal certainty. Haddad v. Commercial Motor Truck Co., 150 La. 327, 346, 90 So. 666.

Our conclusion is that the judgment appealed from is correct, and for the reasons herein assigned it is therefore affirmed.

Affirmed.