### SAVIN v. T. SMITH & SONS, Inc.*
### No. 14218.

Court of Appeal of Louisiana. Orleans.
Oct. 17, 1932.

Samuel J. Tennant, Jr., of New Orleans, for appellant.

Gordon Boswell, of New Orleans, for appellee.

JANVIER, J.

Plaintiff, a laborer employed as a longshoreman, alleges that in the course of his employment he sustained an injury to his right shoulder and, charging that as a result he is permanently totally disabled, he seeks compensation for 400 weeks at $20 per week, subject to a credit for 58 weeks, for which he has already received payment.

Defendant admits the accident occurred and that weekly payments were made as alleged, but refused to make further payments, asserting that plaintiff has completely recovered from the original injury, and that his present condition is due solely to atrophy caused by nonuse of the shoulder, and that this disability will disappear if plaintiff can be persuaded to make an effort to return to work and to persist in using the shoulder.

The original injury did not result from a blow, but solely from a twisting, or wrenching of the shoulder, while plaintiff was assisting in lifting a piece of wall-board. No immediate severe pain was felt, and plaintiff continued at work for the rest of the day. Next morning, in spite of the instructions given him, plaintiff did not visit a doctor, but waited until the following Monday, which was 2 days later.

After the treatment of the shoulder had continued for such time as the doctors thought reasonable without the patient's admitting any improvement in his condition, it was determined to make a surgical exploration into what is known as the "sub deltoid bursa," because, in spite of the fact that X-ray photographs showed no trouble of any kind, plaintiff continued to complain and the doctors could account for the particular pains which he claims to be suffering in no other way than by attributing them to an abnormal condition in this gland.

The surgical examination showed the bursa to be in perfectly normal condition, but the patient continued to complain of practically complete inability to use the shoulder. He was therefore examined by a neurologist, and by an orthopedist, and both of these experts came to the conclusion already reached by the two surgeons, which was that plaintiff had completely recovered from the original injury, and could be restored to his original physical condition only by undertaking to actually use the shoulder. Plaintiff, however, refused to return to work, stating that he "wasn't able to."

Thereupon defendant discontinued making payments of weekly compensation, and this litigation has resulted.

In the district court judgment was rendered for defendant, and plaintiff has appealed.

---

■ The record on the disputed point consists exclusively of expert medical testimony, and we find ourselves, as is usual in such cases, almost overwhelmed by a realization of the difficulty of deciding a technical medical question of this character and over which we find irreconcilable disagreements among such recognized authorities as those whose names appear in this record are shown to be.

Those on whose advice plaintiff relies state that in their opinion there is a real abnormality in the shoulder, and that, as a result, the disability is such that the plaintiff cannot do anything resembling the kind of labor he had been previously performing, whereas those on whose opinions defendant acted state, with equal certainty, that there is nothing about the shoulder to cause any further disability than that for which compensation was paid, and that work is the only thing which will restore the shoulder to its previous condition.

Realizing that it was practically impossible to decide that the evidence of either set of experts preponderated, whether by numerical count or by superiority of authority, the district judge, on his own motion, appointed as an expert to examine plaintiff and to report on his condition another authority of admitted ability, an orthopedic surgeon, who, after a complete investigation and examination, reported that, in his opinion, plaintiff "was either consciously assuming a disability of the right shoulder, or was sub-consciously exaggerating his disability," and the said expert concluded his report with the opinion that plaintiff "has entirely recovered from same," and that "he presents absolutely no evidence of any permanent results from same" (the injury), and that "he can readily return to his previous occupation as a longshoreman, and will certainly be able to carry out his duties as well as he ever did."

The district judge felt that the statement of this additional expert caused the evidence to preponderate in favor of defendant, and so do we.

Nor can we lose sight of the fact that the surgeons, X-ray specialists, and neurotic and orthopedic experts, who testified on behalf of defendant, were those who had been treating plaintiff and had remained in close touch with the progress of his recovery from the very commencement of the treatment, whereas those who testified as witnesses for plaintiff knew nothing of his ailment until after the others had discharged him as cured.

■ If there is doubt as to which way the evidence preponderates, then must plaintiff be denied judgment, for, "in workmen's compensation cases, as in all other cases, plaintiff assumes the obligation of establishing his case with legal certainty." Linn v. Ter-rell Compress & Warehouse Co., Inc. (La. App.) 142 So. 193, 195.

On the necessity that plaintiff prove his case by a preponderance of the evidence, even in compensation cases, the Supreme Court, in Haddad v. Commercial Motor Truck Co., 150 La. 327, 346, 90 So. 666, 673, said: "A case must be made out to a legal certainty; this is elementary, and is as true in the case of a suit under the Workmen's Compensation Act, like the present, as in any other."

In Boudreaux v. Rossen, 19 La. App. 188, 139 So. 706, 708, our brothers of the First Circuit followed the above-quoted rule, using the following language: "It is too well established to require the citation of authorities to the effect that a compensation suit presents no exception to the general rule that, in order to recover, a plaintiff must prove his case to a legal certainty."

To the same effect see Piske v. Brooklyn Cooperage Co., 143 La. 455, 78 So. 734.

■ It is true that all of the expert witnesses agree that, at the time of the trial below, plaintiff's shoulder was in such condition that he could not at once have returned to work, but, if it be true, as we believe it to be, that his then condition was due to atrophy caused by nonuse, then that condition had existed from a time antedating his discharge by the doctors as cured, and he cannot claim compensation beyond the period of his actual disability and for a time thereafter sufficient to permit of his recovering, by actual use, the full strength and flexibility of his arm and shoulder. We feel that the time fixed by the doctors for his discharge was reasonable for that purpose.

Plaintiff's condition is the same as that of the plaintiff in Daste v. Gwin, 13 La. App. 378, 128 So. 41, 42, in which we, in referring to the plaintiff, who had sustained an original injury, but who had recovered and whose condition resulted from refusal to use the injured member, said: " * * * If he had undertaken light work for a few months, such pains as he suffered as a result of disuse would have entirely disappeared."

Plaintiff's counsel, apparently conceding that the evidence in favor of his client does not preponderate, argues that, inasmuch as defendant admitted the original injury and made compensation payments for a substantial time, the burden should be placed upon defendant of showing the changed condition and of justifying its refusal to make further payments, and that this should be particularly true where it is shown that defendant's physicians were in complete charge of plaintiff from the time of the accident until the time of his discharge. It will be noted that in several of the cases cited the situation in these particulars was exactly

the same as that now before us. Payments were made for certain periods, and, when refusal to make further payments resulted in lawsuits, the courts, in all of the cases, held that the burden of proving the continued disability rested where it had always been, upon the plaintiff.

The judgment appealed from is affirmed. Affirmed.