### COSTELLO v. FRENCH MARKET ICE CO.
### No. 14903.

Court of Appeal of Louisiana. Orleans.
March 4, 1935.

Johnston Armstrong, of New Orleans, for appellant.

St. Clair Adams & Son, of New Orleans, for appellee.

LECHE, Judge.

From a judgment dismissing his suit for additional compensation, plaintiff has appealed. On December 20, 1930, while in the course of his employment, he fell from a ladder and sustained a comminuted compound fracture of the lower end of the tibia and fibula. He was afforded medical treatment and paid compensation at the rate of $13.65 per week from the date of injury until January 9, 1932. The record contains the uncontradicted testimony of four of the leading physicians and orthopedic surgeons of this city to the effect that plaintiff's leg was atrophied by reason of his consistent refusal and failure to remove a brace which was repeatedly ordered removed after healing of the injured parts.

This case falls squarely under our ruling in the case of Savin v. T. Smith & Sons, Inc., 143 So. 728, in which we said:

"Defendant admits the accident occurred and that weekly payments were made as alleged, but refused to make further payments, asserting that plaintiff had completely recovered from the original injury, and that his present condition is due solely to atrophy caused by nonuse of the shoulder, and that this disability will disappear if plaintiff can be persuaded to make an effort to return to work and to persist in using the shoulder. * * *

"It is true that all of the expert witnesses agree that, at the time of the trial below, plaintiff's shoulder was in such condition that he could not at once have returned to work, but, if it be true, as we believe it to be, that his then condition was due to atrophy caused by nonuse, then that condition had existed from a time antedating his discharge by the doctors as cured, and he cannot claim compensation beyond the period of his actual disability and for a time thereafter sufficient to permit of his recovering, by actual use, the full strength and flexibility of his arm and shoulder. We feel that the time fixed by the doctors for his discharge was reasonable for that purpose.

"Plaintiff's condition is the same as that of the plaintiff in Daste v. Gwin, 13 La. App. 378, 128 So. 41, 42, in which we, in referring to the plaintiff, who had sustained an original injury, but who had recovered and whose condition resulted from refusal to use the injured member, said: ' * * * If he had undertaken light work for a few months, such pains as he suffered as a result of disuse would have entirely disappeared.' "

We are therefore of the opinion that plaintiff's condition is due to atrophy caused by nonuse resulting from his refusal to remove

the brace, and that he cannot claim compensation beyond the period of his actual disability and for a time thereafter sufficient to permit his recovering, by actual use, the full strength and flexibility of his leg. Attending physicians were of the opinion that union of the fracture was complete on October 9, 1931, and that active use of the leg for a period not exceeding ninety days was sufficient to allow full recovery. Compensation was paid until January 9, 1932.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.