## CASTELLA v. SOUTHERN LIFE & HEALTH INS. CO.*

### No. 14908.

Court of Appeal of Louisiana. Orleans.

May 27, 1935.

Johnston Armstrong, of New Orleans, for appellant.

Solomon S. Goldman, of New Orleans, for appellee.

LECHE, Judge.

Plaintiff filed this suit under a policy of life and health insurance and has appealed to this court from a judgment rejecting his demand.

Plaintiff was injured on December 20, 1930, sustaining a comminuted compound fracture of the lower end of the tibia and fibula. He brought this suit under policy No. 1654926 of the Southern Life & Health Insurance Company, the pertinent part of which reads as follows: "For each day that the insured is, by reason of accidental injury, of which there is continuous external evidence, during the entire period of disability claimed, disabled from performing work of any nature, providing such confinement or disability is of not less than four consecutive days, and that due notice thereof is given the company at its nearest district office on blanks provided by the company and signed by a duly licensed and practicing physician * * *. The total number of days for which benefits will be paid under this policy is limited to 140 days during any twelve consecutive months."

Plaintiff was paid for the entire period of 140 days for the year 1931 and was also paid for the full period of 140 days for the year 1932. This suit is the result of defendant's refusal to pay for the entire period of 140 days for the year 1933.

The case of Costello v. French Market Ice Co., 159 So. 466, decided by this court March 4, 1935, grew out of the same injury. That case, however, was a suit under the Workmen's Compensation Law (Act No. 20 of 1914, as amended). In that case we held: "We are therefore of the opinion that plaintiff's condition is due to atrophy caused by nonuse resulting from his refusal to remove the brace, and that he cannot claim compensation beyond the period of his actual disability and for a time thereafter sufficient to permit his recovering, by actual use, the full strength and flexibility of his leg. Attending physicians were of the opinion that union of the fracture was complete on October 9, 1931, and that active use of the leg for a period not exceeding ninety days was sufficient to allow full recovery. Compensation was paid until January 9, 1932."

If, as we found there, the fracture was completely healed on October 9, 1931, and active use of the leg for a period not exceeding 90 days thereafter was sufficient to allow full recovery, plaintiff cannot recover here for disability during the year 1933 growing out of the same injury. The record in this case, as in the former case, shows the plaintiff consistently refused to remove the brace from his leg and make sufficient use of it to assure his recovery. He points out, however, that as this is a case under a policy of health insurance, it is subject to rules of law different from those applying to a case under the Workmen's Compensation Act. He contends that there is nothing in the policy which makes it obligatory upon him to remove the brace.

The policy contract here does not contemplate payment of benefit due to voluntary prolongation of the disability. If there were any distinction between the claim under compensation and the claim under this policy of health insurance, it would be that, possibly, plaintiff is under a greater obligation under the terms of the insurance policy voluntarily entered into than he would be under in the compensation case under a state statute for the benefit of employees. In the prior case, supra, we found that plaintiff's recovery was complete not exceeding 90 days after October 9, 1931, and, as there is nothing in the present record to refute the presumption of correctness of our former decree, it is patent that plaintiff cannot recov-

*Rehearing denied June 10, 1935. Writ of error refused July 12, 1935.

er for alleged disability caused by that injury during the year 1933.

The judgment appealed from is therefore affirmed.

Affirmed.