This is a compensation suit in which plaintiff seeks recovery of $18.15 per week for a period of disability not exceeding 300 weeks, claiming temporary total disability due to infection of his left hand, as the result of injuries sustained from an accident while in the employ of the defendant.
Plaintiff, while handling dry cement in the course of his employment, on or about the 2nd day of August, 1942, sustained an infection of his left hand. It appears that the cement falling down inside of plaintiff's glove rubbed a blister upon the ring finger of the left hand, and infected the injury to such an extent as to disable the plaintiff. The employee was under the treatment of the employer's doctors from the date of August 2, 1942, until October 26, 1942, when he was discharged as cured.
Plaintiff alleged that he is totally disabled from performing manual labor, and that he is entitled to judgment on the basis of total temporary disability for a period of not more than 300 weeks.
There was judgment below for plaintiff at the rate of $16.64 per week for a period of twenty-nine weeks, beginning August 9, 1942, subject to credit of amounts paid, together with allowance of medical expenses. The effect of this judgment was to extend the period of compensation from the date of the injury up to a date six weeks after the trial of the case. The learned Judge of the district Court, in assigning his reasons for the judgment, stated that the additional six weeks compensation was fixed as the period necessary, according to the medical testimony on trial of the case, to restore the hand to its normal condition.
It is evident from an examination of the record that plaintiff was disabled at the time of the trial, but defendants contend that the disability was due to plaintiff's failure and refusal to attempt to restore the injured member to its normal usefulness through exercise and use thereof.
Some attempt was made on behalf of the defendants to claim the injury resulted from an occupational disease, but this defense was more or less perfunctory, and since it is not urged in brief on appeal, we conclude that it has been abandoned, leaving as the sole question for determination the existence vel non of a bona fide disability.
Medical testimony on behalf of the plaintiff is confined to the testimony of Dr. C.H. Mosley. It was Dr. Mosley's opinion, as expressed in his testimony, that the negro was suffering from a severe infection which persisted well after the date of October 26, 1942, and, indeed, existed at the time of the trial of the case. His explanation of the infection evolved the conclusion that the tendons of the fingers of the left hand were affected, and that in all probability, an operation was indicated, having for its purpose the slitting and scraping of the tendons to relieve the infection and to break down the adhesions caused thereby.
It appears that the infected finger was lanced by Dr. Graves, who first treated the injury, and that, subsequently, a palmal infection of the hand was opened, but neither Dr. Graves nor Dr. Mosley admitted having performed this second operation.
In further support of the opinion of Dr. Graves the record discloses the testimony of Dr. W.L. Bendel, who made an examination of the injury on January 9, 1943.
It is the opinion of both Dr. Graves and Dr. Bendel that the injury had healed and that the continuance of disability, together with the attendant symptoms of swelling and inflammation, was the result purely and simply of the failure and neglect of the employee to follow a course of exercise and use designed to restore the hand to its normal function.
We are convinced from a careful examination of the record that plaintiff has not made any serious attempt to exercise the injured hand. Undoubtedly, exercise and use cause some amount of pain, and, unquestionably, plaintiff was deterred from attempting *Page 544 
to exercise his hand by such pain. It is established through the testimony of plaintiff himself that he "toted" his hand in a sling practically all the time. He explained that permitting the arm to hang naturally resulted in severe pain, and, for this reason, he used the sling to support the injured member.
We think it is a well-established fact that an injury of the character present in this case does not heal of itself, but requires increasing periods of regular exercise and use designed to bring it back to a normal condition. There is no question but that the immobilization of even an uninjured member of the body, a cessation of its use, function and exercise, if continued for a long period of time, will result in the failure of the ability to use such member, and eventually it will no longer respond to motor impulse. There is no doubt but that the attempted use and exercise of the plaintiff's hand would result in pain, but the pain must be endured in order that the normal function of the member be regained.
Reverting to the testimony of Dr. Mosley, we find there is some uncertainty as to the approximate time of his first treatment of the plaintiff. He stated, on cross-examination, that it was sometime in October, but he was not certain of the date, and no attempt was made to produce or refer to his office records for the purpose of establishing the date with any degree of certainty. It appears to us most likely that plaintiff was reporting to Dr. Mosley for treatment prior to his discharge by Dr. Graves, but for what period of time we are unable to determine. However, under these circumstances, we are persuaded that plaintiff's recovery was hindered by his failure to follow instructions and to observe the need for the exercise of his injured hand.
As shown by the reasons assigned for his judgment, our learned brother of the district Court arrived at the same conclusion. According to the medical testimony on trial of the case, a period of six weeks, during which courses of exercise were followed, would be more than sufficient to restore the injured hand to a condition which would permit of its normal use by the plaintiff. Influenced by this testimony, the district Judge awarded compensation up to date of February 20, 1943, which allowed for a six weeks period within which complete recovery of use of the hand might be effected.
While we realize the difficulty of attempting to fix limits of time in cases of this character, we feel assured that the judgment appealed from was proper and just.
It would be a dangerous doctrine to lay down the rule that an injured employee, who obstructed or hindered his own recovery either by active measures or passive disobedience of medical recommendations, should be entitled to an allowance of compensation for a period of three hundred weeks. Convinced as we are that plaintiff's recovery is largely dependent upon the exercise of his own will to recover and to effect recovery by adherence to a reasonable program of treatment, we find ourselves thoroughly in accord with the conclusions reached by the district Judge.
For the reasons assigned, the judgment appealed from is affirmed.