GLADNEY, Judge'. '
The plaintiff, Steve Brown, appeals from a judgment awarding workmen’s compensation for a period of 20 weeks for the loss of the middle finger of his left hand. His contention is -that the trial court is in error in not allowing recovery for total and permanent disability.
The sole issue presented concerns the extent of his injury as all other factors essential to the application of the Workmen’s Compensation Act, LSA-R.S. 23:-1021-1351, are not in controversy.
Appellant was an employed of The Union Oil Mill, Inc., of West Monroe, Louisiana on March 20, 1950, on which date he received injuries to the middle, ring and, index fingers of his left hand. His testimony is that the accident occurred while he was engaged in feeding cotton seed meal cakes into a slot wherein oil was pressed from the cakes through the means of a hydraulic press manually operated. Prompt medical treatment was given by Dr. W. L. Bendel, who, because the bones of the middle finger ,were severely crushed, found it necessary to amputate the member. He testified the only injuries to the hand or other fingers thereof consisted of superficial lacerations to the index and ring fingers; that X-rays on two separate occasions indicated no damage to the bony part of these fingers and that after normal healing the ligaments and tendons were found to be uninjured.
The testimony of Dr. Bendel was confirmed by Dr. Henry Guerriero, a physician and surgeon chosen by appellant. Both witnesses declared there was no reason for any residual disability except such as would result from continued disuse of the fingers. The doctors complained that Brown refused to permit either to touch the fingers which he constantly held in extension.
Appellant testified that several of the fingers were broken and that since the amputation of the middle finger he was in such constant pain that he would prefer the other two fingers be amputated. He declared he was wholly unable to do any work or to perform the simplest tasks and had to call upon the members of his family and his neighbors to dress him. He produced as witnesses a number of these individuals who related they had to lead the cow for him, button his shirts, pull on his trousers and tie his shoes. Notwithstanding such complete inability to do the things enumerated he related that he sought work but was turned down because of the hand. Following this statement, and while Mr. C. N. Anderson, the employer’s superintendent, was on the stand, the following colloquy occurred':
“Q. Would you put him (Steve Brown) to work tomorrow with that hand? A. If he wants to work, I will; yes, sir.
*146 “Q. You will put him to work tomorrow? A. Yes, sir.
“Mr. Guerriero (the attorney for Steve Brown) : All right Steve, you can report for a job.
“Plaintiff: I don’t care nothing ‘bout going 'back over there to work.”
The judge a quo in placing judgment under the provisions of the Act for the specific loss of a finger, LSA-R.S. 23 :- 1221 (4) (c), found claimant suffered no disabling effects from the accident except the injury to and loss of the middle finger, the amputation of which had normally healed. We concur in this finding and in the correctness of the judgment rendered. The evidence adduced in the trial of the case affords no ground for a finding of total disability. All of the medical testimony confirms this holding.
Though the failure of claimant to cooperate with the medical services extended to him in this case has no important bearing upon the conclusion reached by this Court, we may add that we have frequently pointed out the obligation of the injured employee to give his cooperation to all reasonable methods and means afforded for his recovery. It would appear from this record that the employee was unreasonable in his refusal to permit full medical examination of the two involved fingers, and he was not justified in failing to exercise those fingers in order to restore circulation and restore normal functional use of the hand.
In Myles v. Forcum-James Company, La.App.2d Cir., 16 So.2d 542-544, Hardy, J., it was said:
“It would be a dangerous doctrine to lay down the rule that an injured employee, who obstructed or hindered his own recovery either by active measures or passive disobedience of medical recommendations, should be entitled to an allowance of compensation for a period of three hundred weeks. Convinced as we are that plaintiff’s recovery is largely dependent upon the exercise of his own will to recover and to effect recovery by adherence to a reasonable program of treatment, we find ourselves thoroughly in accord with the conclusions reached hy the district Judge.”
See also the following cases: Robinson v. Frost Hardwood Floors, Inc., La.App., 25 So.2d 312; Thompson v. Meeker Sugar Ref. Company, La.App., 168 So. 325; Daste v. Gwin, 1930, 13 La.App. 378, 128 So. 41; Bywog v. La-Tex Community Oil Co., Inc., 3 La.App. 699; Costello v. French Market Ice Company, La.App., 1935, 159 So. 466; Hardin v. Higgins Oil & Fuel Company, 147 La. 453, 85 So. 202; Savin v. T. Smith & Sons, Inc., La.App., 1932, 143 So. 728.
Prior to trial the appellee tendered all compensation payments due under LSA-R. S. 23:1221 (4) (c) together with all accrued costs, and accordingly the trial court properly assessed costs against the plaintiff, appellant.
The judgment appealed from is affirmed at appellant’s costs.
KENNON, J., not participating.