No. 2251
Second Circuit Appeal

## JOE HAYS v. CADDO-DeSOTO COTTON OIL CO.

(Feb. 20, 1925, Opinion and Decree.)
(April 11, 1925, Opinion and Decree on rehearing remanding case for new trial.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant —Par. 159.**

Where it is shown that, although the employee suing under the Employers' Liability Act No. 20 of 1914, p. 20, did receive a slight injury to his shoulder, it did not disable him for a period of one week, his suit will be dismissed.

2. **Louisiana Digest—Master and Servant —Par. 158, 159.**

Where it is shown that the disability of injured employee is due to syphilis and not the accident, his suit for compensation under Employers' Liability Act No. 20 of 1914 will be dismissed on application for rehearing.

3. **Louisiana Digest—Master and Servant —Par. 160e, 160j, 160l.**

Under paragraph 4 of Section 18 of Employers' Liability Act No. 20 of 1914, the Appellate Court is warranted in remanding workmen's compensation case for more evidence without going

through the procedure of another hearing in the Court of Appeal before doing so.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

This is a suit for compensation under Employers' Liability Act No. 20 of 1914.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed; on a rehearing case remanded for a new trial.

Joel Fletcher, of Shreveport, attorney for plaintiff, appellant.

Barnette & Roberts, of Shreveport, attorneys for defendant, appellee.

ODOM, J. Plaintiff alleges that on or about July 28, 1923, he was working for the defendant company as a common laborer at $2.75 per day and that while so laboring and while in the performance of his duties a piece of timber four by four, the length not being stated, fell with great force across his right shoulder and upon his neck and chest, greatly injuring and shocking him.

That, as a result of said injury, he was totally disabled to do work of any kind; that said disability continued up to and including March 1, 1924; and that he is entitled to recover sixty per cent of his wages for at least thirty weeks.

He then filed a supplemental petition in which he set up that his injuries were much more severe than at first anticipated and that in fact he is entitled to compensation for at least three hundred weeks.

The defendant answered denying that plaintiff was injured as alleged, and especially denying that he is totally incapacitated for any work, and it especially alleged that if the plaintiff was and is disabled to any degree that such disability was caused by another cause which originated prior to the slight injury he received on July 28, 1923.

## OPINION.

The evidence in this case satisfies us that while at work for defendant company on July 28, 1923, the plaintiff did receive a slight injury to his shoulder. The best account of the way the injury happened is given by a Mr. Stacy, the manager of the defendant company. He says that he was standing about ten feet from the plaintiff and saw a piece of timber, two by four which, he says, would weigh about ten pounds, fall on plaintiff's shoulder. He says that the piece of timber was leaning against the wall at an angle of possibly forty-five degrees; that plaintiff and some other hands were engaged in moving a piece of machinery from the building when from some cause, he does not state what, this piece of timber "flew" down on the defendant and caused a slight injury to his shoulder.

He testified that he did not think the injury amounted to very much that he heard but little complaint out of the plaintiff; but that he sent him out to the North Louisiana Sanitarium for treatment where he stayed for a short time.

The plantiff himself gives about the same account of the injury, except that he says that the piece of timber was four by four and that he received injuries about the shoulder, the neck and chest. He says, however, that he stayed at the Sanitarium about a week and a half when he went back to work, but that his shoulder gave down on him and he had to quit.

Mr. Stacy, the manager, has no recollection of plaintiff's having gone back to work.

The testimony further satisfies us that the plaintiff is now suffering from what the doctors call enlarged heart and arteries and that he is probably not able to do any work which necessitates a great deal of physical exertion.

Dr. Sanderson, who treated plaintiff at

the Sanitarium, and who made an examination of him, testifies that it is possible that there is some connection between the blow which plaintiff received on the occasion referred to and the present condition of his heart and arteries, although he does not give that as a positive opinion.

He testified that if a man were in physical condition to do manual labor continuously over a long period of years and should receive a blow in the region of the heart and should thereafter, within a month or two, become aisabled, he would think that the blow caused the disability. However, he does not state it as his opinion that the blow caused the trouble in this particular case.

Dr. Hamner, who was sworn for the defendant, examined a specimen of the plaintiff's blood for syphilis and he gave it as his opinion that the plaintiff was suffering from that disease. He said the blood test showed one hundred puls, and he gave it as his opinon that plaintiff's present trouble was brought about by syphilis.

Dr. M. L. Adair, a radiologist, made three pictures of plaintiff and that each picture showed an enlarged condition of the heart and arteries but that there was no evidence of a fracture. He says, further, that the injury might have had some effect upon plaintiff's condition, but does not think the blow would affect the heart unless it had been directly over the heart or in close proximity to it.

Dr. Abramson treated the plaintiff for a few days and says that plaintiff told him that he felt like going back to work and that he did not see him any more. He gives it as his positive opinion that the plantiff's present trouble is caused from syphilis and says, further, that if this trouble had been caused by the wound there would have been some symptoms of it and that plaintiff made no complaint to him;

and he gave it as his opinion that there is no connection between the blow and the heart trouble.

Dr. Perkle, who, the plaintiff says he called to attend him, testified that there is no connection, in his opinion, between the blow and the plaintiff's present trouble. He says that in his opinion the plaintiff is suffering from syphilis and that he would have been in the condition he was at the time he treated him even though he had received no blow at all.

The doctors all agree that the blow which the testimony shows the plaintiff received on his shoulder would not have brought about his present condition and they all are of the opinion that if such blow had been directly over the heart it might have caused serious trouble.

While counsel for plaintiff, in examining the witnesses, indicated that the plaintiff had received a crushing blow over the heart, the testimony satisfies us that there was no blow and no injury on the chest and that the only blow was a slight one on plaintiff's shoulder.

We cannot see what connection there can be between this blow, which all agree was a slight one, and an enlarged condition of heart and arteries.

The Judge of the District Court rejected the plaintiff's demands and dismissed his suit. He was evidently of the opinion that the slight injury which plaintiff received did not disable him for a period as long as one week.

We are of the opinion that the District Judge made no error in his decision and it is therefore accordingly affirmed, plaintiff to pay all costs.

---

ON APPLICATION FOR REHEARING.

In this case defendant plead in its answer "that if plaintiff is unable to work at this time it is due to an entirely different cause. That before the time of the injury

complained of plaintiff was suffering from a very bad case of blood poisoning which incapacitated him for work".

On the trial Doctor Hamner testified that he had examined a specimen of blood labelled "Joe Hays" and applying the Wasserman test it showed syphilis. Other doctors testified that, from this report and plaintiff's condition as shown by ex-ray pictures and otherwise, syphilis caused his condition.

The District Judge gave judgment against the plaintiff, after which his attorney moved for a new trial, asking that a commission of doctors, without interest and not connected in any wise with defendant, be appointed to examine the plaintiff and report their findings. The record does not show what action, if any, was taken on this motion, but we presume it was overruled.

In this court plaintiff's counsel earnestly contends that plaintiff has no syphilis and that final judgment should not be rendered against his client on a mere examination of blood not shown to be his.

We are not satisfied to render final judgment on the present state of the record and think the purpose of justice will be subserved by remanding the case to the District Court for a new trial.

Ordinarily it would be irregular to do this on an application for a rehearing; but to grant a rehearing, then set the case down for another argument and afterwards remand it for a new trial, would be a useless delay and formality.

Paragraph 4 of Section 18 of the Employers' Liability Act says: The judge shall not be bound by the usual common law or statutory rules of evidence or any technical or formal rules of procedure other than as herein provided. The judge shall decide the merits of the controversy as equitably, summarily and simply as may be".

We think this warrants us in remanding the case at this stage without going through the procedure of another hearing in this court before doing so.

The opinion and decree originally pronounced herein are set aside and the case is remanded to the District Court for a new trial, costs in both courts to abide the final results.