No. 2634

Second Circuit

HAMMONS v. SOUTHERN CARBON CO.

(December 11, 1926. Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Master and Servant —Par. 153, 160 (j).**

Plaintiff in a suit for compensation under the Workmen's Compensation Act, No. 20 of 1914, cannot recover unless the evidence shows that the accident was the sole, or principal cause of his disability.

2. **Louisiana Digest—Master and Servant —Par. 160 (j).**

Where the opinion of expert physicians testifying in a suit brought under the Workmen's Compensation Act, No. 20 of 1914, differ as to whether the continuing condition of the injured employee is due to accident or disease, and no reason is given for the contention that his disability is due to the disease; his disability must have been held due to the accident.

Appeal from the Fourth Judicial District Court of Louisiana, parish of Ouachita. Hon. Percy Sandel, Judge.

Action by Samuel A. Hammons against Southern Carbon Co.

There was judgment for the plaintiff and defendant appealed.

Judgment affirmed.

Long & McSween, of Shreveport, attorneys for plaintiff, appellee.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, attorneys for defendant, appellant.

WEBB, J.    Plaintiff brings this action to recover judgment for compensation under the Employers' Liability Act.   He alleged that the injuries which he sustained had permanently and totally disabled him to do any work of a reasonable character.

The contention of the defendant is that the cause of plaintiff's disability is under the evidence attributable to disease with which he suffered at the time of the accident.

On trial judgment was rendered in favor of the plaintiff on the basis of permanent total disability to do any work of a reasonable character; and the defendant appealed.

OPINION.

The record shows that on March 23, 1923, while plaintiff and another workman were engaged in handling a steel shaft, weighing about one thousand pounds, the shaft in some manner fell against plaintiff, striking him on the head and left shoulder, forcing him down to the ground, and rendering him unconscious for a short time.

He was taken to a hospital where he remained for about seven days under the care of a physician furnished by the defendant who continued to attend plaintiff until the 18th of April when he was discharged by the physician, after which plaintiff returned to defendant's employ where he remained for about two weeks.

Plaintiff was examined by the physician who treated him on the date of the accident, having at the time the benefit of a radiogram and while this examination showed contusions at the places where the shaft fell against plaintiff's body, the physician did not find any bones to have been broken or other objective symptoms of injury, but he did find that the plaintiff had slight hardening of the arteries, slight enlargement of the heart, lateral curvature of the spine, and that there was inflammation of the lumbar vertebrae and a callous formation thereon, showing that the plaintiff had arthritis.

Following the accident, and until June 29, 1925, defendant paid plaintiff compensation as for total disability to do any work of a reasonable character; but in the meantime, on May 29, June 23, August 9 and August 13, 1923, and June 10, 1925, the defendant had plaintiff examined by physicians and acting on the reports received from the last examination it discontinued payment of compensation on the date stated, and on July 7, 1925, this suit was filed and trial had on December 1, 1925, at which time the testimony of the physicians who had examined plaintiff at the instance of defendant as well as of physicians who had examined plaintiff on November 17, 1925, at his instance, was offered.

The evidence shows that the plaintiff had suffered some from backache prior to the accident, but it does not show that he was unable to do manual labor, and he testifies that he had been doing manual labor previous to the accident without any inconvenience, and that since the accident he had continuously suffered pain,

and that he was unable to do any work of a reasonable character.

The physicians state that he continually complained of soreness and disability, and while it is not stated by the physicians who examined plaintiff at the instance of defendant that plaintiff was disabled at the time they examined him, we gather from their testimony that he was, especially if the complaints made by plaintiff were true, and we assume that it is conceded that plaintiff was disabled at the time of the trial, as he so testified, and the testimony of all the physicians who had examined him just prior to that time was to the same effect.

We find that the evidence thus establishes that the plaintiff was able to perform manual labor prior to and on the date of the accident and that following the accident he was unable to do manual labor, and that this condition of disability continued to the time of the trial, and we conclude these circumstances make out a prima facie right to recover.

The plaintiff, however, bears the burden of proof and the inference drawn from the facts stated is not conclusive if other facts are established which should lead to different conclusions; as it seems to be the established rule that plaintiff cannot recover unless the evidence shows that the accident was either the sole or contributing cause of his disability. (Behan vs. Honor, 143 La. 349, 78 South. 589; Fox vs. United Chemical Co., 147 La. 895, 86 South. 311; Harrison vs. Breaux Bridge Lumber Co., 1 La. App. 514; Hays vs. Caddo-DeSoto Cotton Oil Co., 1 La. App. 689.)

The evidence establishes in this connection that the plaintiff at the time of the accident had a slight hardening of the arteries, slight enlargement of the heart, lateral curvature of the spine, and an inflammation of and a callous formation on the lumbar vertebrae or arthritis, and the physicians who examined plaintiff at the time of and immediately following the accident were of the opinion that the accident did not cause the disability of plaintiff or condition of plaintiff rendering him unable to do work, but that the cause of his condition was arthritis, not mentioning the other troubles, such as hardening of the arteries, etc.

The physicians who examined plaintiff at the instance of defendant were of the opinion that the accident could not have caused the plaintiff's disability, while those who examined plaintiff at his instance, were of the opinion that his condition could have resulted from the injury and that they could not disassociate the condition found from the injury considering the history of the case.

The physicians for defendant, as we gather, attributed the condition of plaintiff solely to arthritis, and although they did not so state we infer that the disease had at the time of the accident reached such a stake that disability would have soon resulted without regard to the accident; but it does not follow that the accident was not a contributing cause to his disability, which, as we have stated, was inferentially shown by the fact that plaintiff was not disabled before the accident and has been continuously disabled since.

The physicians who examined plaintiff following the accident did not state whether or not the contusions on plaintiff's body caused by the shaft striking him had healed, but we assume that they had and that the physicians found no objective symptoms of injury remaining. The plaintiff testified, however, that he

suffered with pains which had been continuous since the accident, and the evidence shows that there had been a continuous soreness of plaintiff's body since the accident.

We realize the difficulty of determining, if such was the case, when the disability of the plaintiff, resulting from his physical condition, caused or contributed to by the accident, ended; and when his condition resulting from disease begun, when the condition is shown to have been practically continuous from the date of the accident, and conceding that in such a situation, where the experts are unanimous in their conclusions that the continuing condition of the plaintiff was not attributable to the accident, it should be held that plaintiff has not shown the disability to have been the result of the accident, we do not think this conclusion could be reached where the opinion of the experts is in conflict and where the experts who express the opinion that the disability is not attributable to the accident fail to state the reasons for their conclusions, as in the present instance.

We reach the conclusion that the judgment appealed from was correct and it is affirmed.