No. 3885

Second Circuit

GOUGH v. URANIA LUMBER CO., LTD.

(January 27, 1931.   Opinion and Decree.)

Vinson M. Mouser, of Columbia, attorney for plaintiff, appellee.

Thompson & Ferguson, of Leesville, attorneys for defendant, appellant.

WEBB, J.  This action was brought to recover compensation for an accidental injury alleged to have been sustained by plaintiff, M. H. Gough, while in the service of defendant, Urania Lumber Company, Limited, which is alleged to have permanently disabled plaintiff to do work of any reasonable character (see section 8, subsec. 1(b), Act No. 20 of 1914, as amended by Act No. 242 of 1928), and defendant appeals from a judgment in favor of plaintiff as demanded.

The evidence established that plaintiff, while engaged in defendant's service, was thrown from a flat car, which was attached to a train operated by defendant, and used in hauling logs to defendant's sawmill, on or about April 18, 1929, and that the fall produced immediate disability to perform the work in which he was then engaged, and that the disability was continuous and existed at the time of the trial on May 27, 1930.

Appellant urges, however. that at the time of the trial, and for some time previous thereto, the evidence shows that plaintiff was afflicted with a disease of the kidneys, which of itself would account for any disability of plaintiff to perform manual labor, and that the evidence does not establish any connection between the disease and any injury sustained by plaintiff in April, 1929, and, further, that the evidence does not establish that plaintiff was permanently totally disabled to do work of any reasonable character.

While the evidence does show that, at the time of the trial and for some time previous thereto, plaintiff was afflicted

with a disease of the kidneys, which the evidence established may result from other causes than trauma, yet the evidence conclusively established that plaintiff was and had been in good health and able to perform the laborious work in which he was engaged prior to the accident. And, as stated, the evidence further showing that plaintiff was immediately disabled to work by the accident, and that the disability was continuous, sufficiently established that the continuous ·disability resulted from the accident, and, in view of the opinion of the physicians called, who stated that the fall sustained by plaintiff was sufficient to have injured plaintiff's kidneys, and in the absence of any proof of an intervening cause, we are of the opinion that the accident was the proximate cause of plaintiff's disability. Behan v. John B. Honor Co., 143 La. 348, 78 So. 589, L. R. A. 1918F, 862; Hammons v. Southern Carbon Co., 5 La. App. 187.

Although the evidence does not establish that plaintiff at the time of the trial could not have done some work, plaintiff testified that he could not work without pain, and the majority of physicians called were of the opinion that plaintiff would experience some pain in performing manual labor, and that he was not able to engage in such work at the time of the trial. Under the evidence presented, it is evident plaintiff was at the time of the trial disabled to do work of any reasonable character, and, the physicians disagreeing as to the period when the disability would terminate, the award was properly for permanent total disability. Section 8, subsec. 1(b); Bailey v. Gifford Sand & Gravel Co., 7 La. App. 513; Hargis v. McWilliams Co., Inc., 9 La. App. 108, 119 So. 88.

The judgment appealed from is therefore affirmed, at defendant's cost.