GLADNEY, Judge.
This suit was brought by Henry G. Thompson to recover workmen’s compensation for alleged total and permanent disability against Bituminous Casualty Corporation, the workmen’s compensation insurer of Mid-West Dairy Products of the City Products Corporation. After trial judgment was rendered favorable to plaintiff and the defendant has appealed.
Two issues are presented for our consideration: (1) Whether or not plaintiff has sustained the burden of proof by showing that a pre-existing disability was aggravated by the accident, and (2) Whether such disability would be considered as total or partial.
The accident which brought on the claim of plaintiff occurred on June 8, 1957, at which time plaintiff was performing work within the scope of his employment loading a refrigerating condensing unit on a pickup truck. The tailgate of the truck slipped and caused the unit to fall. When plaintiff endeavored to prevent the dropping of the unit he sustained a severe sprain which caused him acute pain at the time. He testified he reported his injury to his employer immediately and thereafter was confined at home several days, during which time his wife administered to him and then was treated by Dr. Garrett, who referred him to Dr. T. M. Oxford, an orthopedist, for treatment. Prior to trial Thompson was examined by Dr. Don F. Overdyke for the purpose of evaluing his disability. Plaintiff and his wife, Patricia Thompson, gave their testimony that since the accident plaintiff has been unable to do any heavy lifting without severe pain and plaintiff says that due to his injury he was compelled to discontinue his employment from which he received a salary of $100 per week.
Each of the two orthopedists testified plaintiff, a white male of forty-four years of age, was cooperative during examinations and neither had any reason to disbelieve plaintiff’s complaints of pain, and also, when he said he was unable to do any heavy lifting, they were inclined to believe it. Both doctors found plaintiff suffering, from a condition found at the fifth lumbar vertebra, known as spondylolisthesis, which is explained as a forward slipping of the vertebra. The doctors were of the opinion this condition had existed for a long time. They also noted a somewhat unusual amount of calcium deposits at the fifth lumbar vertebra, which indicated an arthritic condition. The doctors were of the opinion heavy lifting would have a tendency to aggravate this condition.
Dr. Overdyke testified that on a functional basis plaintiff had an overall disability of the body as a whole of a minimum of twenty per cent and a maximum of twenty-five per cent. He expressed the opinion plaintiff, because of his complaints of pain, could not continue hard manual labor requiring heavy lifting, squatting and similar movements, but he thought Thompson could and should do some other type of lighter work. He did not recommend surgery except if that alone could enable plaintiff to pursue an occupation which required heavy lifting. He was of the opinion that lifting of any *250 heavy objects would have a tendency to aggravate plaintiff’s back condition.
The testimony of Dr. Oxford was that plaintiff had sustained a lumbar sprain. Predicated on his report of plaintiff’s condition, compensation was paid for a period of eleven weeks, at the end of which time Dr. Oxford was of the opinion plaintiff was able to return to work. In many other respects the findings of Dr. Oxford were similar to those of Dr. Overdyke. At the time of trial and prior thereto, plaintiff wore a brace which had been prescribed by Dr. Oxford. Dr. Oxford was of the opinion there should be no present disability as a result of the sprain to his lower back.
Counsel for appellant contend that inasmuch as the medical examiners could find nothing to substantiate plaintiff’s complaint of pain and disability except a condition that has admittedly been present for a number of years, plaintiff has not proven his case to a legal certainty as required by law. This argument overlooks the well recognized fact that the best of medical skill cannot always demonstrate the existence of disabling pain. Cases recognizing this factor in the application of the Workmen’s Compensation Law, LSA-R.S. 23 :1021 et seq., are legion.
In the instant case the plaintiff asserts under oath that he is disabled from doing his customary work because of pain which emanates from a condition aggravated by the accident. The testimony of the two orthopedists who testified in the case recognized that plaintiff for a number of years had suffered from spondylolisthesis and this condition could readily have been aggravated by reason of his injury. Neither of the two orthopedists who gave testimony in the case attempted to deny that the employee does suffer from pain. Thompson’s complaints are further supported by the testimony of his wife who says that he has constantly complained of pain and seems to be unable to do any heavy lifting. This testimony by Thompson and his wife seems to fill a void left in the medical testimony, for under the circumstances as related the patient alone can know whether or not heavy lifting causes him excessive pain.
The evidence also shows Thompson had worked for the defendant’s insured for over ten years, and had never previously made a compensation claim or complaint with respect to back pain, and when he was injured on June 9, 1956, he was earning a salary of $100 per week. These are factors to be considered in our evaluation of the testimony by Thompson and lend support to the finding of the trial judge that the employee was totally disabled and entitled to benefits under the Workmen’s Compensation Act. We agree with this ruling.
When an employee aggravates a pre-existing condition while engaged within the scope of his employment and thereby is rendered disabled to perform his duties, his injury is compensable under the provisions of the Workmen’s Compensation Statute of this state. Hammons v. Southern Carbon Company, 1926, 5 La.App. 187; Nelson v. Bateman Contracting Company, La.App.1933, 145 So. 808; Woodard v. Collins, La.App.1937, 172 So. 207; Bynog v. Mansfield Hardwood Lumber Company, La.App.1941, 4 So.2d 837.
In Nubles v. Texas Gas Transmission Corporation, La.App.1954, 72 So.2d 565, this court recognized that a claimant is. not required to continue his employment while suffering from substantial pain in order to meet the requirements for recovery under the Workmen’s Compensation Act. In Reeve v. Clement-Braswell Machine & Fabricating Works, La.App.1953, 66 So.2d 387, 390, this court made the following observation :
“The test of total and permanent disability is whether the injured employee is capable of performing the work or the occupation in which he was engaged at the time of injury or whether he is able to do the kind of work he is trained to do or customarily does in the usual and customary way and without *251 any serious impairment of his capacity to perform such work.”
We find no error in the judgment under consideration on the appeal. The evidence preponderates in favor of plaintiff and convincingly shows the employee within the intent and purpose of the Workmen’s Compensation Act was rendered totally and permanently disabled to perform the work in which he was engaged at the time of his injury.
For these reasons it is our holding that the judgment from which appealed should •be affirmed at appellant’s cost.