LOTTINGER, Judge.
Petitioner, Anthony Bonin filed this suit against his former employer, Sam Carline, Inc., claiming workmen’s compensation benefits resulting from an accident sustained by petitioner on September IS, 1956. The Lower Court awarded judgment for total disability, less credit for the compensation payments already made by defendant. The defendant has prosecuted this appeal, and an answer thereto has been filed by petitioner in which he requests penalty and attorney fees.
The facts disclose that for some three years prior to September 15, 1956 petitioner was employed by defendant in the cutting of right of ways. In his said employment petitioner was required to use cross-cut saws, and axes, and it was often necessary *314 that the work of cutting the trees and brush be performed in muddy or swampy areas. On the date of the accident, petitioner was working in a swampy area when a tree which had been cut, and which was some fifteen inches in diameter at the top, fell on him causing a fracture to his right leg, as well as certain injuries to his back. The defendant does not deny the accident or the injuries to petitioner, as a matter of fact compensation has already been paid from the date of the accident until January 4, 1958. The only question presented is whether or not the petitioner is now totally disabled to perform the same type of work which he was performing prior to, and at the time of the accident. The petitioner claims that such disability does exist, while the defendant claims that there is no disability remaining, and that petitioner is fully able to return to his former employment.
The Lower Court awarded judgment for total disability, for a period of four hundred weeks less credit for the payments already made. The defendant has taken a suspensive appeal from the said judgment. Petitioner answered the appeal seeking penalties and attorney fees, as prayed for in his original petition.
The depositions of three doctors have been introduced into the record by the defendant. These doctors, all orthopedic specialists, are Dr. Irvin Cahen of New Orleans, Dr. James Gilly of Lafayette, and Dr. William L. Muelman of Lafayette. The testimony of these doctors indicated that petitioner, as a result of the accident, received a serious, but not compound fracture of the right leg. Surgical procedure was necessary, and also performed by Dr. Muelman, in which it was necessary to make two incisions, one just below the knee, and the other at the mid portion of the shinbone. A nail was inserted into the limb, which was subsequently removed after the bone had healed. Petitioner’s leg remained in a cast for a long period of time.
The three medical experts all testified to the effect that recovery to the fractured limb was perfect and that the limb itself was now completely healed. They all testified to the effect that petitioner could now do the same type of work that he was doing at the time of the accident. These three doctors, furthermore, testified to the effect that there was a great deal of soft tissue damages sustained by the petitioner as a result of the accident. As a result of the injury, there has developed a neu-roma which is situated at the lower end of the upper scar and from which petitioner claims to suffer a burning pain when pressure is applied. The good doctors further testified that a small muscle hernia has developed at the site of the larger scar situated at the mid portion of the shinbone. Upon cross examination, and when presented with the actual movements required in the performance of his occupation as a right of way cutter, all three of the doctors admitted that while petitioner could perform his prior duties, it was very likely that the work would cause him a certain amount of pain. Dr. Cahen testified that the neuroma would cause pain if the work entailed constant pressure over the site. Dr. Gilly testified that “He would be uncomfortable and would have pain, but I don’t believe it (his condition) would be disabling.”
The three doctors were unanimous in their opinion that petitioner was not a malingerer, and that, considering the neu-roma and hernia, his complaints of pain were entirely justified and could not be considered merely as subjective complaints.
In addition to the neuroma and the hernia, the medical evidence is to the effect that there was a certain degree of damage to the right ankle of petitioner. Dr. Gilly testified to the effect that he thought that petitioner would be able to have the same amount of weight on his leg as he would before the accident if a half inch elevation was applied to his right heel.
In addition to the expert testimony certain lay witnesses testified as to the physical condition of petitioner. This lay testi *315 mony was objected to by defendant upon the premises that the lay testimony would not be admissible in the present case because the medical experts were not conflicting in their testimony. However, it appears to us that this lay testimony would be admissible in adding to the testimony of the experts in attempting to show that there was actual pain suffered by petitioner to his right leg. As was said in Thompson v. Bituminous Casualty Corp., La.App., 104 So.2d 248, 250:
“Neither of the two orthopedists who gave testimony in the case attempted to deny that the employee does suffer some pain. Thompson’s complaints are further supported by the testimony of his wife who says that he has constantly complained of pain and seems to be unable to do any heavy lifting. This testimony by Thompson and his wife seems to fill a void left in the medical testimony, for under the circumstances as related the patient alone can know whether or not heavy lifting causes him excessive pain.”
Now, as stated before, all of the medical testimony was to the effect that the fracture to the bone had completely healed, and that the bone was in as good a condition as it was prior to the accident. However, the medical testimony is to the effect that there are certain residuals to the soft tissue of the leg which are well able to cause the pain suffered by petitioner. These residuals are apparent, and we believe that the presence of these residuals together with the petitioner’s complaint of pain would take his complaints out of the subjective field and render them objective symptoms.
The jurisprudence of our State recognizes that the compensation laws do not require one to perform his customary and usual duties while suffering from substantial pain or discomfort. Although the petitioner, in the present case, may well be able to perform his same duties, he is not required, under the compensation act, to perform such duties under pain or discomfort, or where his condition would result in increased hazards to himself and his fellow employees.
In Thompson v. Bituminous Casualty Corp., supra, the Court said:
“In Reeve v. Clement-Braswell Machine & Fabricating Works, La.App.1953, 66 So.2d 387, 390, this court made the following observation:
“ ‘The test of total and permanent disability is whether the injured employee is capable of performing the work or the occupation in which he was engaged at the time of injury or whether he is able to do the kind of work he is trained to do or customarily does in the usual and customary way and without any serious impairment of his capacity to perform such work.’ ”
This same doctrine has been upheld in Brannon v. Zurich General Accident and Liability Ins. Co., 224 La. 161, 69 So.2d 1; Stansbury v. National Auto & Casualty Ins. Co., La.App., 52 So.2d 300; Nubles v. Texas Gas Transmission Corp., La.App., 72 So.2d 565, as well as other cases too numerous to mention.
One of the lay witnesses testified that subsequent to the accident petitioner attempted to cut fence posts which petitioner had done prior to his employment with defendant. After a period of about forty-five minutes the petitioner complained of pain to his leg, and it was necessary for him to discontinue his task. Other of the lay witnesses testified to the effect that the petitioner, on many occasions, complained to them of pain in his leg, and that, even while fishing, he would complain of this pain when his leg was in a certain position.
In view of the testimony of the expert medical witnesses it certainly appears that the complaints of pain by petitioner are justified. This justification is strengthened by the testimony of the lay witnesses. In view of the fact that the evidence as a *316 whole discloses that petitioner was unable to do his regular work free of pain, we certainly feel that the Lower Court was correct in awarding judgment for total disability. Counsel for both parties stipulated that the compensation benefits, if any are due, should be in the amount of $35 a week.
As held by the Lower Court, we do not feel that the defendant was arbitrary or capricious in stopping payments of compensation to petitioner. Accordingly, we do not feel that the petitioner is entitled to penalties and attorney fees.
For the reasons hereinabove assigned the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by defendant.
Judgment affirmed.