125 So.2d 213 (1960)
Gus SCHRAM, Sr., Plaintiff-Appellee,
v.
LAKE CHARLES READY-MIX, INC., et al., Defendants-Appellants.
No. 124.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1960.
*214 Plauche & Plauche, by A. L. Plauche, Lake Charles, for defendants.
Larry A. Roach, Lake Charles, for plaintiff-appellee.
Before TATE, FRUGE, and CULPEPPER, JJ.
TATE, Judge.
The plaintiff employee was awarded benefits for total and permanent disability in this workmen's compensation suit by an injured employee against his former employer and its insurer, and the defendants appeal.
We adopt the trial court's summary of the facts and its legal conclusions, which we find to be supported by the jurisprudence and the preponderance of the evidence, as follows:
"On April 22, 1959, while plaintiff [, 59 years of age,] was employed as a scale operator by Lake Charles Ready Mix, Inc., a dragline bucket fell on a shed occupied by plaintiff and caused injuries to plaintiff's head, face, chin, back and shoulders. He was hospitalized for about 14 days and has received medical attention since that time. He did not return to work for defendant, but has been employed as a day clerk at a motel since August 22, 1959. * * *
"Plaintiff's duties as a scale operator required heavy lifting. He had been employed in that capacity for only one or two months before the accident occurred. For many years prior to the accident he had been employed as route man or supervisor of the Borden Company, as the operator of a grocery store or as the manager of a motel. In each of those types of employment he was required to do some heavy lifting and some moderately heavy manual labor. The type of work which he has performed since the accident is very light work, requiring no lifting and no manual labor. The medical experts seem to agree that plaintiff is now disabled from doing any heavy lifting or performing manual labor because of high blood pressure and arthritis.
"The evidence, and particularly the testimony of the medical experts who were called as witnesses, convinces me that prior to the time of the accident plaintiff suffered from arthritis and high blood pressure, but that in spite of these infirmities he was able to perform the duties of a scale operator, those of the manager of a motel, and other work requiring heaving lifting and manual labor. As a result of the accident, however, plaintiff's arthritic condition has been aggravated to the extent that he cannot now perform the duties which he was performing at the time he was injured, or the duties required in the other types of employment which he customarily had performed prior to the accident. His disability appears to be permanent, and under the established jurisprudence of this state I must conclude that he is totally disabled, even though he is now employed at a salary *215 equal to or more than that which he was receiving at the time of the injury."
The defendants-appellants urge that the trial court erred (1) in accepting the medical testimony as proving disability when essentially it is based upon the subjective complaints of the plaintiff and (2), alternatively, even conceding that such testimony proves disability, in holding that the plaintiff is totally disabled when he has returned to and found gainful employment in the motel field in which he was employed for many years prior to the employment in which injured.

I.
To prove his disability, aside from corroborative testimony from himself and lay witnesses, the plaintiff relied upon the testimony of two attending physicians who treated him for the results of the fairly severe present accident and who had been his family physicians prior thereto for thirteen and twenty-five years, respectively.
Both of these medical witnesses testified positively that, from their medical and personal familiarity with the plaintiff's condition before and after the accident, his pre-existing arthritic condition had been activated or aggravated from an occasionally uncomfortable but non-disabling condition before the accident into a condition now totally disabling him from the performance of heavy manual labor. Although the x-ray findings verifying the existence of the pre-existing and subsequent arthritis were not shown to have changed as a result of the accident, these physicians further testified positively that the extent of x-ray findings is not necessarily related to the severity of subjective symptoms caused by arthritis and that trauma can (as here) activate a non-painful arthritic condition shown by x-ray into a painful and disabling state without necessarily producing any change in the x-ray findings. One of the physicians further noted muscle spasm verifying the subjective complaints of pain following the accident, although he did not remember ever having noted such symptom before. (Tr. 116.)
As the defendants-appellants urge through their able counsel, ultimately the holding of the trial court and the opinion of the two doctors that the plaintiff is disabled depends upon an acceptance as genuine of the plaintiff's subjective complaints of pain; based of course also upon the severe accident, the x-ray findings and muscle spasm objectively verifying the presence of the arthritic condition, and the plaintiff's history as verified by the lay and medical testimony.
But proof of disability arising by reason of subjective pain must of necessity depend to a great extent upon the evaluation of the truthfulness of the claimant's complaints, and proof of such disability based essentially upon such evaluation has been held sufficient to support an award of workmen's compensation when medical testimony shows that such disabling pain may be residual from the industrial accident. See e.g. Reed v. Calcasieu Paper Company, La.App. 1 Cir., 93 So.2d 263, affirmed, 233 La. 747, 98 So.2d 175; Bonin v. Sam Carline, Inc., La.App. 1 Cir., 117 So. 2d 312, certiorari denied; Thompson v. Bituminous Cas. Corp., La.App. 2 Cir., 104 So.2d 248; Bynum v. Maryland Cas. Co., La.App. 1 Cir., 102 So.2d 547, certiorari denied. (Cf., Malone, Louisiana Workmen's Compensation, 1951, Section 286, p. 372: "In view of the fact that disability may be found merely from the fact that the worker experiences pain in discharging his duties, it often becomes necessary to establish the fact of pain. This will usually be done through the testimony of the complainant or his relatives and friends, supported by the evidence of the experts that the objective conditions are of a character calculated to produce pain.")

II.
The preponderance of the medical testimony is that the plaintiff cannot without pain after the accident perform the heavy *216 duties of his employment as scale operator, although he could do so prior to the accident. Lay witnesses, including the plaintiff's employer, testified that he had in fact performed such duties without complaint and to the satisfaction of the employer prior to the accident.
In urging that the plaintiff is not totally disabled, the defendants-appellants point out that prior to his employment as scale operator the plaintiff had been employed for many years in the motel business and that subsequent to the accident he had returned to work as desk clerk in a motel and was earning better wages than at the time of the accident.
This contention is without merit. "An employee is considered totally disabled within the meaning of the compensation act when he is unable to perform without pain the regular and usual duties of the occupation in which the injury was sustained, that is, to perform work of the same or similar character to that in which engaged at the time of the accident. Reed v. Calcasieu Paper Co., 233 La. 747, 98 So.2d 175; Brannon v. Zurich Gen. Acc. & Liab. Ins. Co., 224 La. 161, 69 So.2d 1; Thomas v. Crown-Zellerbach Corp., La.App. 1 Cir., 101 So.2d 478," Bassemier v. W. S. Young Construction Co., La.App. 1 Cir., 110 So.2d 766, 768, certiorari denied. (Italics ours) As stated in Bean v. Higgins, Inc., 230 La. 211, 88 So.2d 30, 32, "* * * The test of total and permanent disability is whether the injured employee is capable of performing the work of the occupation in which he was engaged at the time of injury or whether he is able to do the kind of work he is trained to do or customarily does in the usual and customary way and without any serious impairment of his capacity to perform such work. * * *" (Italics ours.)
To some extent the rationale for this rule is illustrated by the present facts. Prior to securing employment as a scale operator doing manual labor, the plaintiff had been unsuccessfully looking for work for approximately ten months following the expropriation of the motel in which he had been working. While he had not for many years engaged in manual labor and while this form of employment was regarded by him as least desirable, nevertheless after ten months it was the only sort of employment which he could obtain. Now, because of the accident, he is disabled from performing such heavy manual duties again; and, although he has been fortunate enough since then finally to obtain work back in the motel business, undoubtedly because of the disability residual from the present accident he is permanently and substantially handicapped in the obtaining of employment to earn a living because of his accident-caused inability to do heavy manual labor. Such accident-caused substantial physical inability and the resultant competitive disadvantage is compensable as total disability under our jurisprudence. See Malone, Louisiana Workmen's Compensation (1951), Sections 272-278.
For the foregoing reasons, the trial court judgment is
Affirmed.